**Zhen Qiang WANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE & Alberto Gonzales,[1] Respondent.**

**No. 03–41089–AG.**

United States Court of Appeals, Second Circuit.

Oct. 31, 2005.

---

**1.** When Petitioner petitioned for review in this Court, John Ashcroft was serving as Attorney General of the United States. Alberto R. Gonzales, the current Attorney General, is automatically substituted as the proper Respondent pursuant to Fed. R.App. P. 43(c)(2).

David X. Feng, New York, New York, for Appellant.

Tonya L. Shotwell, Special Assistant United States Attorney (Paul I. Periez, United States Attorney and Karin B. Hoppmann, Assistant United States Attorney, on the brief) Tampa, Florida, for Appellee.

Present: JACOBS, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that: (1) the petition for review is denied; and (2) Petitioner's "motion for stay" is denied as moot.

Zhen Qiang Wang, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substan-tial, and probative' evidence in the record when considered as a whole." *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). Credibility determinations are also typically reviewed under the substantial evidence standard of review, and this Court's review of an adverse credibility determination is "highly deferential." *Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*). The BIA's "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Where the BIA's " 'adverse credibility finding is based on specific examples in the record of ... contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise.' " *See Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004).

In this case, the BIA's factual and credibility determinations were substantially supported by the record as a whole. The BIA's determinations were supported by Wang's conflicting statements between the airport interview, his application for asylum, and testimony before the IJ. The BIA's credibility determinations were based on numerous and specific examples in the record of Wang's contradictory testimony regarding the basis for his claims. Accordingly, this Court cannot conclude that a "reasonable adjudicator [would be] compelled to find otherwise," and should affirm the BIA's order. *Dong*, 406 F.3d at 111.

In regard to Wang's CAT claim it is well settled that, before a petitioner can seek judicial review of a claim, the petitioner must "exhaust all administrative remedies available." 8 U.S.C. § 1252(d)(1). A party may not seek judicial review of an ad-

**30**

verse administrative decision until that party has first sought all possible relief within the agency itself. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004). As the Government correctly argued, Wang did not raise this claim before the BIA and, therefore, this Court lacks jurisdiction to review the CAT claim. This Court also lacks jurisdiction to review Wang's withholding of removal claim because it was also not raised before the BIA.